On Rehearing Granted
PER CURIAM.
A rehearing was granted in this cause and the matter was duly argued to the Court en banc.
The material portion of the order appealed from is as follows :
“It is further ordered that all rules, regulations and policies under which the defendant, State Department of Public Welfare, a corporation, is administering the social welfare act, Chapter 26937, Laws of Florida, Acts of 1951 [F.S.A. § 409.01 et seq.], including the rule or'regulation attached to and made a part of the bill of complaint, under and by which said rules, regulations or policies the said defendant, State Department of Public Welfare, a corporation, is allowing up to $12.00 per month to recipients under said Act of public assistance for prescriptive medicines, when purchased by recipients under prescriptions only when written by medical or Osteopathic doctors, are discriminatory, arbitrary and invalid insofar as they exclude payment to recipients for medicines under prescriptions written and furnished by Naturopathic physicians. The said defendant, State Department of Public Welfare, a corporation, is hereby spe *353 cifically enjoined and restrained from continuing this arbitrary discrimination against Naturopathic physicians, and is hereby required to recognize and pay to recipients of public assistance, moneys for prescriptive medicines when written by Naturopathic physicians in the same manner and to the same extent as it recognizes, honors and pays for same when written by medical doctors or Osteopaths.
“It is further ordered that in the administration of said social welfare act, the said defendant, State Department of Public Welfare, a corporation, is hereby further enjoined and prohibited from refusing to accept and recognize certificates of Naturopathic physicians in any and all matters wherein Chapter 26937, Laws of Florida, Acts of 1951, provide — for examinations and certificates by physicians or doctors, and said defendant is hereby required to honor certificates and pay for all services authorized by said act, or any rule or regulation, when rendered by Naturopaths within their authorized field of practice under Florida law, to the same extent as when rendered by medical doctors or Osteopaths.”
Justices TERRELL, THOMAS and DREW and Associate Justice PATTERSON are of the view that the opinion of Justice MATHEWS filed June 5, 1953, should be receded from insofar as it holds that naturopathic physicians are prohibited from prescribing narcotic drugs. It is the view of said Justices and the Associate Justice that not only is that issue not presented for our consideration in this appeal but that since the precise and only point decided by the Circuit Court of Pinellas County in “In re Complaint of Melser, 160 Fla. 333, 32 So.2d 742,” was the statutory right of naturopathic physicians to prescribe narcotic drugs included in the term phytotherapy, the affirmance of that judgment by this Court — even without opinion — settled the law to that extent and that this Court, in this case, should not be drawn into an unnecessary reconsideration of its former decision.
In all other respects the former opinion of Justice. MATHEWS is adhered to.
It is so ordered.
TERRELL, THOMAS and DREW, JJ., and PATTERSON,. Associate J.ustice, concur.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., dissent.